**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MELVA COLTER,<br><br>Petitioner-Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[*]<br><br>Respondent-Appellee. | No. 11-57005<br><br>D.C. No. 2:09-cv-08125-PSG-PJW<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Argued and Submitted August 30, 2013
Pasadena, California

Before:     GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District Judge.[***]

---

[*] Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin, Acting Commissioner, Social Security Administration, has been substituted for her predecessor, Michael J. Astrue.

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

1

Melva Colter appeals the district court's order affirming the Administrative Law Judge's ("ALJ") denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, §§ 1381-1385. We have jurisdiction under 28 U.S.C. § 1291. Because Colter waived the argument that the Commissioner insufficiently assessed and weighed her Somatoform disorder by not raising it before the district court, and because the ALJ's decision is supported by substantial evidence in the absence of such waiver, we affirm the district court's decision.

We review *de novo* the district court's decision upholding the denial of benefits. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Both this Court and the district court must affirm an ALJ's denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Id.*

A challenge to the ALJ's findings that was not raised at the district court is waived and will not be considered by this Court unless one of three exceptions applies. *Greger v. Barnhart,* 464 F.3d 968, 973 (9th Cir. 2006). Issues not discussed in the body of the opening brief are likewise waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). On appeal to this Court, Colter argues for the first time that the ALJ erred because it failed to "consider, discuss, and make findings" concerning her Somatoform disorder. Because Colter did not

2

raise Somatoform disorder-based arguments before the district court, and because Colter did not assert any exceptions to the waiver doctrine in her opening brief, we deem these arguments waived.

We additionally hold that the ALJ's decision is supported by substantial evidence. The ALJ found that Colter was not presumptively disabled and had the residual functional capacity to perform her past relevant work in various office settings and in a significant number of other jobs. On that basis, the ALJ concluded that Colter was not disabled as defined by the Social Security Act. In this appeal, Colter argues that the ALJ erred in reaching that conclusion in two respects.

First, Colter contends that the ALJ improperly disregarded her treating physicians' diagnoses of Somatoform disorder in assessing disability. The record, however, shows conflicting medical evidence concerning Colter's capacity to work. As many as five treating physicians and psychologists opined that Colter was able to work. And, while some of Colter's treating physicians assessed more severe limitations, those assessments are inconsistent with Colter's own descriptions of her daily activities. "Where . . . the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict . . ." *Chaudhry v. Astrue,* 688 F.3d 661, 671 (9th Cir. 2012), quoting *Benton v. Barnhart,* 331 F.3d 1030, 1040 (9th Cir. 2003) (citation omitted). "If a

treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence...." *Chaudry*, 668 F.3d at 671, quoting *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Here, the ALJ's findings are sufficiently specific to support the conclusion that Colter was not presumptively disabled and able to return to work. We thus conclude that the ALJ did not "reject" evidence of Somatoform disorder and that such evidence was rather overcome by inconsistencies and contrary evidence.

Colter further argues that the ALJ failed to consider her Somatoform disorder when assessing her credibility. An ALJ's credibility findings must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Moreover, if "the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Id*. at 959. Here, Colter's own testimony is undermined and discredited by both medical opinion testimony and her own description of her daily activities, notwithstanding any consequence Somatoform disorder would have had on the assessment of her credibility. The ALJ found Colter's testimony of allergic reactions to chemicals and electromagnetic fields unsupported by several tests

4

revealing no allergies. Further, Colter, by her own admission, engaged in daily activities that showed she was able to work. Accordingly, we hold that the ALJ's decision to discount the credibility of Colter's testimony is adequately supported by substantial evidence.

**AFFIRMED.**